ERIC GRANT
United States Attorney
NICOLE MOODY
KIMBERLY SOKOLICH
KEVIN C. KHASIGIAN
Assistant U. S. Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>GLORIA STONE,<br>Defendant. | 2:26-CR-00086-DJC<br><br>PRELIMINARY ORDER OF FORFEITURE |

Based upon the plea agreement and the stipulation and application for preliminary order of forfeiture entered into between the United States of America and defendant Gloria Stone, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1. Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), defendant Gloria Stone's interest in the following property shall be condemned and forfeited to the United States of America, to be disposed of according to law:

a. Real property located at 9858 Vito Court, Stockton, California, San Joaquin County, APN: 124-060-400-000.

The maximum forfeiture exposure related to 9858 Vito Court is $269,394.00. The $269,394.00 is the forfeiture upper limit, with the forfeiture consisting of all funds up to and including $269,394.00. Any amounts in excess of $269,394.00 are not intended to be forfeited and are expressly not subject to forfeiture. Accordingly, the real property at 9858 Vito Court, Stockton, California, San Joaquin County,

APN: 124-060-400-000, is forfeitable up to and including the amount of $269,394.00, with any excess funds belonging to defendant Gloria Stone.

2. The above-listed property constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 641.

3. The parties agree that defendant Gloria Stone shall have six months from the entry of this Preliminary Order of Forfeiture to sell the above real property and the government shall receive the net sale proceeds through escrow up to and including $269,394.00. All right, title, and interest in said funds shall be substituted for the real property and forfeited to the United States. Payment should be made in the form of a cashier's check made payable to the U.S. Marshals Service and sent to the U.S. Attorney's Office, Attn: Asset Forfeiture Unit, 501 I Street, Suite 10-100, Sacramento, CA 95814.

4. If defendant Gloria Stone is unable to sell the real property within six months from the entry of this Preliminary Order of Forfeiture, the sale of the real property shall be handled by the U.S. Marshals Service in a commercially reasonable manner.

5. Pursuant to Rule 32.2(b)(3), the Attorney General (or a designee) shall be authorized to seize the above-listed property. The aforementioned property shall be seized and held by the U.S. Marshals Service, in its secure custody and control.

6. The U.S. Marshals Service shall have sole authority to select the means of sale, including sale by internet or through a licensed real estate broker, and shall have sole authority over the marketing and sale of the property.

7. The net proceeds from the sale of the real property will include all money realized from the sale of the real property, except for the following:

a. Real estate commissions;
b. Amounts due to the holder of any valid lien recorded;
c. Real estate property taxes which are due and owing;
d. Insurance costs, if any;
e. Title fees;
f. HOA fees, if any;
g. Escrow fees and expenses; and
h. County transfer taxes.

8. The net proceeds from the sale of the real property shall be deposited in the Seized Asset Deposit Fund by the U.S. Marshals Service.

9. Each party shall execute all documents and provide signatures necessary to close escrow, as required by the Title/Escrow Company.

10. Defendant Gloria Stone shall maintain the real property in the same condition and repair as existed on the date of signing the stipulation for preliminary order of forfeiture, normal wear and tear excepted, until her custody, control, and responsibility have ceased. The term "maintain" shall include, but is not limited to, keeping the property free of hazard and structural defects; keeping all heating, air conditioning, plumbing, electrical, gas, oil, or other power facilities in good working condition and repair; keeping the property clean and performing such necessary sanitation and waste removal; and keeping the property in good condition by providing ordinary and necessary items of routine maintenance.

11. Defendant Gloria Stone shall maintain all insurance policies currently in effect with respect to the real property, including hazard insurance to cover all buildings and other improvements that are now located on the property until the sale is completed. The insurance must cover loss or damage caused by fire, hazards normally covered by "extended coverage" hazard insurance policies, and liability to persons injured on said property and for property damage to the real property.

12. Except as specifically provided herein, defendant Gloria Stone shall not convey, transfer, encumber, lien, or otherwise pledge the real property without the prior, written approval of the United States.

13. The defendant waived oral pronouncement of forfeiture at the time of sentencing and any defects in such pronouncement that pertain to forfeiture and waived any defenses to forfeiture.

14. All parties are to bear their own costs and attorneys' fees.

15. a. Pursuant to 28 U.S.C. § 2461(c), incorporated by, 21 U.S.C. § 853(n), and Local Rule 171, the United States shall publish notice of the order of forfeiture. Notice of this Order and notice of the Attorney General's (or a designee's) intent to dispose of the property in such manner as the Attorney General may direct shall be posted for at least 30 consecutive days on the official internet government forfeiture site www.forfeiture.gov. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the order of forfeiture as a substitute for published notice as to those persons so notified.

b. This notice shall state that any person, other than the defendant, asserting a legal interest in the above-listed property, must file a petition with the Court within sixty (60) days from the first day of publication of the Notice of Forfeiture posted on the official government forfeiture site, or within thirty (30) days from receipt of direct written notice, whichever is earlier.

16. If a petition is timely filed, upon adjudication of all third-party interests, if any, this Court will enter a Final Order of Forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), in which all interests will be addressed.

SO ORDERED this 24th day of July, 2026.

Dated: July 24, 2026

/s/ Daniel J. Calabretta
THE HONORABLE DANIEL J. CALABRETTA
UNITED STATES DISTRICT JUDGE